UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK W. HSU,<br><br>  Plaintiff,<br><br>  v.<br><br>AARON M. ZEISLER, et al.,<br><br>  Defendants. | Case No. 3:23-cv-02866-JSC<br><br>**ORDER RE: DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Frederick Hsu brings a breach of contract claim against Winslow Strong, Brian Burns, and Aaron Zeisler based on an alleged breach of a stipulated confidentiality order entered by an arbitration panel. Mr. Burns and Mr. Zeisler are attorneys who represented Mr. Strong in the arbitration proceedings and continue to represent him in a petition seeking confirmation of the arbitration award. Defendants' motion pursuant to California Code of Civil Procedure § 425.16 and motion to dismiss under Rule 12(b)(6) is now pending before the Court. (Dkt. No. 16.[1]) Having considered the parties briefs and having had the benefit of oral argument on October 5, 2023, the Court DENIES the motion for the reasons stated at the hearing and as explained below. Plaintiff has established he has a reasonable probability of prevailing on his breach of contract claim.

**DISCUSSION**

**I.  Anti-SLAPP Motion**

California Code of Civil Procedure § 425.16, the "anti-SLAPP" statute, "was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1    costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir.
2    2001). The anti-SLAPP statute protects an individual's conduct that "aris[es] from any act of that
3    person in furtherance of the person's right of petition or free speech" under the federal or
4    California constitutions, and provides that claims against this conduct "shall be subject to a special
5    motion to strike." Cal. Civ. Proc. Code § 425.16(b)(1).

6        The statute requires a two-step inquiry. First, the court determines whether the defendant
7    has made a prima facie showing that the challenged conduct "aris[es] from conduct in furtherance
8    of the [defendant's] right of petition or free speech ... in connection with a public issue." Cal. Civ.
9    Proc. Code § 425.16(b)(1); *see also Baral v. Schnitt*, 1 Cal. 5th 376, 384 (2016). At step one, a
10   court "primarily [reviews] the complaint, but also papers filed in opposition to the motion to the
11   extent that they might give meaning to the words in the complaint." *Dible v. Haight Ashbury Free*
12   *Clinics, Inc.*, 170 Cal. App. 4th 843, 849 (2009); *see also* Cal. Civ. Proc. Code § 425.16(b)(2).

13       Once the defendant makes its prima face showing, the burden shifts to the plaintiff to show
14   a "reasonable probability of prevailing on its claims for those claims to survive dismissal."
15   *Metabolife*, 264 F.3d at 840 (internal quotation and citations omitted); *see also Baral*, 1 Cal. 5th at
16   396 ("[T]he burden shifts to the plaintiff to demonstrate that each challenged claim ... is legally
17   sufficient and factually substantiated."); *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002) ("Put
18   another way, [the non-moving party] must demonstrate the complaint is both legally sufficient and
19   supported by a sufficient prima facie showing of facts to sustain a favorable judgement if the
20   evidence submitted by the [non-moving party] is credited.") (cleaned up). In deciding the question
21   of merit, the court considers the pleadings and evidentiary submissions of both parties, but does
22   not weigh the credibility or comparative probative strength of competing evidence. *Navellier v.*
23   *Sletten*, 106 Cal. App. 4th 763, 768 (2003). "The statute requires only a minimum level of legal
24   sufficiency and triability. Indeed, the second step of the anti-SLAPP inquiry is often called the
25   minimal merit prong." *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 887 (9th Cir.
26   2016). However, an anti-SLAPP should be granted if, based on the complaint's allegations, it fails
27   as a matter of law. *Id*.

28       The Court will assume, without deciding, Defendants satisfied prong one. The question,

then, is whether Plaintiff has shown his breach of contract claim is legally sufficient and factually substantiated, that is, that it has minimal merit. Plaintiff has and it does.

### A. The Stipulated Confidentiality Order Likely Covers the Arbitration Award

In a Section entitled "**Confidentiality of the Arbitration,**" the Stipulated Confidentiality Order keeps confidential all "Protected Material." "Protected Material," in turn, is defined as "all Evidentiary Material, pleadings, submissions, filings, transcripts *and orders* in this Arbitration." (Dkt. No. 24-2 at 3, § 1(e) (emphasis added).) Defendants contend Plaintiff's breach of contract claim fails as a matter of law because an "arbitration award" is not an arbitration "order."

The Court disagrees. The plain meaning of "order" encompasses an arbitration award. ORDER, Black's Law Dictionary (11th ed. 2019) ("2. A written direction or command delivered by a government official, esp. a court or judge. [] The word generally embraces final decrees as well as interlocutory directions or commands."). Further, the record does not reveal any plausible reason the parties would agree to keep confidential a scheduling "order" issued by the Arbitral Tribunal, but not the Arbitral Tribunal's final order—the Arbitration Award. At oral argument Defendants argued it made sense not to make the Arbitration Award confidential since a party might need to confirm the Award in a court proceeding. But the Award includes material even Defendants do not dispute is Protected Material and must be filed under seal; indeed, in the related action Petitioner (a defendant here) filed the Arbitration Award partially under seal because it contains Protected Material. *See Strong v. Cashbet Alderney Limited et al.*, No. 23-cv-02081-JSC, Dkt. Nos. 1, 3. So, again, Defendants have not advanced any reason the parties would keep confidential all orders of the Arbitral Tribunal other than the Arbitration Award. That the Stipulated Confidentiality Order includes a paragraph with the heading—"Confidentiality of the Arbitration"—is also consistent with interpreting "order" according to its plain meaning, that is, as including the Arbitration Award, the final order of the Arbitral Tribunal. (Dkt. No. 24-1 at 4, § 4.)

Defendants' identification of places in the Stipulated Confidentiality Order where "award" is used to mean something separate from "order" (Dkt. No. 16 at 19) at best creates an ambiguity as to the meaning of "order" in the definition of Protected Material. But it does not as a matter of law overcome the plain meaning of "order" as encompassing a final arbitration award. Further,

Defendants' insistence they had to file the Arbitration Award with their petition does not address Plaintiff's allegations they shared the Arbitration Award with third parties.

### B. The Arbitration Panel's Adoption of the Confidentiality Agreement Does Not Defeat the Breach of Contract Claim

Next, Defendants assert Plaintiff's breach of contract claim fails because the arbitrator's adoption of the Stipulated Confidentiality Order extinguishes the confidentiality agreement such that Plaintiff cannot sue for breach of contract. *See Westinghouse Electric Corp. v. Newman & Holtzinger*, 39 Cal. App. 4th 1194, 1205 (1995). But *Westinghouse* and all the cases cited by Defendants (Dkt. No. 16 at 21) involved a court's incorporation of the parties' agreement into a *court* order. There is no court order here. Arbitration is entirely a matter of contract. Indeed, the Stipulated Confidentiality Order itself contemplates that when the arbitration is complete, a party harmed by another party's violation of the Stipulated Confidentiality Order may bring an action in any court of competent jurisdiction "to enforce the terms" of the Stipulated Confidentiality Order. (Dkt. No. 24-2 at 12, § 14.) How would a party do so other than by bringing a claim for breach of contract? While the Stipulated Confidentiality Order contemplates the injured party may seek sanctions (among other remedies), the lawsuit would still need a viable cause of action. Defendants have not identified what that cause of action would be other than breach of contract. The breach of contract claim does not fail as a matter of law on this ground.

### C. Defendants Have Not Established the Litigation Privilege Applies

Finally, Defendants argue the breach of contract claim is a barred by the litigation privilege. "[W]hether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege." *Wentland v. Wass*, 126 Cal. App. 4th 1484, 1492 (2005). "The principal purpose of the litigation privilege is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort action." *Id*. (cleaned up); *see also Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007) ("Section 425.16 is construed broadly, to protect the right of litigants to the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions.") (cleaned up).

4

Defendants' sole argument is that because the Stipulated Confidentiality Order does not apply to the Arbitration Award, "Defendants were permitted to do what they are alleged to have done, [and] the litigation privilege applies to protect Defendants' conduct." (Dkt. No. 28 at 14.) As explained above and at the hearing, Plaintiff has plausibly alleged the Stipulated Confidentiality Order covers the Arbitration Award and therefore Defendants' alleged sharing of the Arbitration Award with third parties (e.g., Dkt. No. 1 at ¶¶ 10, 31-33) was a breach of that contract. So, Defendants have not established the litigation privilege dooms Plaintiff's breach of contract claim.

## II.     Motion to Dismiss

Defendants' 12(b)(6) motion is based on the same arguments as their anti-SLAPP motion with regard to whether Plaintiff's breach of contract claim fails. (Dkt. No. 16 at 25.) For the same reasons the breach of contract claim survives the anti-SLAPP motion, it survives Defendants' motion to dismiss.

## CONCLUSION

For the reasons explained on the record at the October 5, 2023 hearing, and in this Order, Defendants' anti-SLAPP and to dismiss motion is DENIED. Defendants must answer the complaint on or before November 1, 2023.

The administrative motions to seal at Docket Nos. 24 and 29 are DENIED AS MOOT given Plaintiff's notice of non-opposition to the unsealing of the at-issue exhibits. (Dkt. No. 30.)

The Court sets an initial case management conference for November 16, 2023 at 1:30 p.m. via Zoom video. An updated joint case management conference statement is due one week in advance.

This Order disposes of Docket Nos. 16, 24, 29.

**IT IS SO ORDERED.**

Dated: October 11, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

5